12519

FANT v. PEOPLES BANK OF SUMTER

*EX PARTE* HAYNSWORTH, MASTER OF SUMTER COUNTY

(145 S. E., 927)

*Messrs. Epps & Levy,* for appellant.

*Messrs. Herbert & Dial, Frierson & McCants,* and *Melton & Belser,* for respondent.

November 7, 1928.

The opinion of the Court was delivered by Mr. Chief Justice Watts.

The original action, commenced February 22, 1927, was brought for the purpose of winding up the affairs of the Peoples Bank of Sumter, which had become insolvent. E. C. Haynsworth, as master, had deposited certain funds in said bank under the circumstances set out in the agreed

statement of facts. The present issue arises from the claim of Mr. Haynsworth that this deposit should be considered by the Court as a special trust fund, and that the same should be ordered paid in its entirety, and not *pro rata* with the general depositors. The controversy was submitted to his Honor, Judge John S. Wilson, upon an agreed statement of facts, and a hearing which was had in open Court on the 20th day of July, 1927. After hearing argument, an order was passed allowing the claim of the master as a special trust fund and ordering the receiver to pay the same in full. From this order the present appeal was duly taken. There are four exceptions, and they raise but one question: Should this deposit only share *pro rata* with the other deposits in the Peoples Bank, or should it be paid in full as a special deposit? In the case of *Peurifoy v. Gamble,* 145 S. C. 1; 142 S. E., 788, decision filed November 2, 1928, Mr. Justice Stabler uses this language: "When Mr. Peurifoy, as receiver, took over the assets of the Columbia Bank, and reduced a great portion of them to money, he decided, as he says, to distribute, as deposits, a part of the money among the several banks of the state, more than 40 in number, to which the Columbia Bank was indebted, in order that these banks might have the use of the money in advance of the payment of the dividends to be declared and paid on their claims, rather than to deposit the money in banks in Columbia or in banks outside of the state—an entirely laudable purpose. At that time the Barnwell Bank knew of the insolvency of the Columbia Bank, and that Mr. Puerifoy was acting as receiver of its assets; and, when it received the deposit of $7,000, it knew that such deposit was a trust fund, designed to be finally distributed ratably among the creditors of the insolvent Columbia Bank, of which number it was one. The fact that this deposit was a trust fund, and known to the Barnwell Bank to be such, would not in any way affect its status as a deposit. It was entitled to the same standing and consideration as any ordinary deposit;

that it had the earmarks of a trust fund did not give it any special protection." Under this authority, the judgment of the Circuit Court must be reversed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.